KATE COOK ET AL. *vs.* THE EMMET PERPETUAL AND MUTUAL BUILDING ASSOCIATION OF BALTIMORE CITY ET AL. OWEN McENANEY *vs.* THE SAME.

*Building Associations—Insolvency—Claim of Withdrawing Member not Entitled to Share With General Creditors.*

In the distribution of the assets of an insolvent building association, the general creditors are entitled to priority over shareholders of the association, who, in accordance with its by-laws, gave notice of withdrawal before the judicial declaration of insolvency.

Two appeals from a decretal order of the Circuit Court of Baltimore City (WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, PEARCE and SCHMUCKER, JJ.

*Harry M. Benzinger* and *Thos. Foley Hisky* (with whom were *James McColgan* and *Jas. S. Calwell* on the brief), for the appellants.

Appellants claim that having given notice of withdrawal in due form and prior to any knowledge of insolvency of the

association, their membership in said association ceased; and they became actual creditors of said association, and as such are entitled to share in the distribution of its assets amongst those first entitled.    That the alleged claim of the Howard Bank to be allowed by the auditor in his account to be stated, is not entitled to priority; because the bank acquired it after notice of these proceedings, and must take it ear-marked and subject to the infirmities attaching in the hands of the assignor.    And, as it was used, if at all, to pay withdrawn members, it is entitled only to share with the other withdrawn members, to-wit, these appellants.

The attention of the Court is called to the difference existing between the plan and methods of building associations in other States (especially in Pennsylvania and Illinois) and those known as *permanent* associations, incorporated and doing business under the provisions of the statute in Maryland, of which latter the appellee-association was one.    In the former, every member, whether a borrower or not, subscribes for stock agreeing to pay, *not a fixed sum*, but until every share subscribed for shall be above all losses and expenses (*unknown quantities*) worth a fixed sum.    Under such a plan, each member contracts with every other member to pay for the shares respectively subscribed for by all; and it is such societies that are treated as partnerships, for all purposes; and consequently their members are not permitted to become creditors by withdrawing.

Examples of these societies and the rules applied to them may be found in *Christian's Appeal*, 102 Pa. St. 188 (1883); *Chapman* v. *Young*, 65 Ill. App. 131 (1895); *Towle* v. *American B. & L. Assn.*, 75 Fed. Rep. 938.    In these societies, the amounts paid by borrowers cannot be credited as payments on mortgage debts, since, as members, they are bound to contribute to the expenses and losses.    *Towle* v. *Bldg. Assn.*, 61 Fed. Fep. 446; *Curtis* v. *Granite State Assn.*, 69 Conn. 6.

Under the plan, known as the Permanent Building Association in this State, while membership is, as a rule, obtained

by so-called subscription for shares, it never involves the payment of more than the par value in dues ($130 per share in this case). Where there is a by-law of the society allowing withdrawals, every one of the members has a right to withdraw at any time. In practice this allows a member to withdraw the amount paid in, plus dividends allowed and minus fines, if any, for non-payment. And every member knows that any one or more members, who have not obtained loans, may, at any time, change their relationship toward the association from that of member to that of creditor, by complying with the by-laws regarding withdrawals. All the members are bound by the provisions of the by-laws existing at time of joining. *McKenny* v. *Diamond State Assn.*, 8 Houst. (Del.) 557. After adoption they are the law of the corporation. *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159–179 (1879).

A provision in the by-laws, in existence at the time of a person's connection with the association, giving the right of withdrawal, assumes the force of a contract between him and the corporation, and creates a *vested right* to withdrawal in the former, of which the corporation, without his assent, cannot deprive him. *Holyoke B. & L.* v. *Lewis*, 1 Colo. App. 127 (1891); *Endlich on Building Assns.*, 2 ed., §99.

The right to withdraw is one of the terms on which he paid. The relation between the corporation and the member is that of debtor and creditor. *Atwood* v. *Dumas*, 149 Mass. 167 (1889).

It is submitted that the reasoning in *U. S. B. & L. Assn.* v. *Silverman*, 83 Pa. St. 394 and 397 is correct. In that case, with a similar by-law relating to withdrawals, the Court held " * * that after 30 days' notice [the time required by said by-law in accordance with the Pa. Statute], the membership of the stockholder is determined, and he becomes a creditor of the corporation to the amount he has paid, less fines and charges." The only way the stockholder who is not content to await the termination of the society can do, " is to withdraw and bring a suit at law as a *with-*

*drawing shareholder."*    In other words become a creditor. *O'Rourke* v. *W. Penn. Ln. & B. A.*, 93 Pa. St. 308–311 (1880); *Lepore* v. *B. & L. Assn.*, 5 Pa. Sup. Ct. 276 (1897).

The theory upon which the cases in this Court have been decided is that the withdrawn member is a creditor.    It is submitted this is clear in *Gaehle's Piano Ma fg. Co.* v. *Berg*, 48 Md. 113, 117; *Henninghausen* v. *Fischer*, 50 Md. 583–589; *Steinberger* v. *Savings Assn.*, 84 Md. 625; *Southern B. A.* v. *Price*, 88 Md. 155.

The only result of the association becoming insolvent is to cause time of payment of all claims of withdrawn members to mature immediately.    The contract, viz., to be paid off in rotation, is terminated as any other would be under the circumstances.    *Low St. B. A.* v. *Zucker*, 48 Md. 455.

The rights previously fixed, however, remain where certain priorities of withdrawn members had been established before the commencement of winding up proceedings ; held that " such charge did not cease on the closing of the fund or on the winding up, and that they were therefore entitled to be paid in full out of such repayments in priority to all other members."    *In re Alliance Society*, L. R. Ch. Div. 559 (1885); *Gaither* v. *Stockbridge*, 67 Md. 222, 225.

*John Prentiss Poe* and *Edgar Allan Poe*, for the appellees·

PEARCE, J., delivered the opinion of the Court.

The Emmet Perpetual and Mutual Building Association of Baltimore City having been adjudged insolvent by a decree of the Circuit Court of Baltimore City, receivers were appointed ; its property and assets have been converted into money and the fund brought into Court ·for distribution, there being three classes of claimants interested therein ; first, creditors of the corporation ; second, free shareholders who have given notice of withdrawal ; and third, shareholders who have not given notice of withdrawal. . Upon the application of the auditor for instructions as to the rule of distribution, the Court decreed that the general creditors

of the defendant corporation, as distinguished from all shareholders, are first entitled to be paid their claims in full, and that the shareholders of the defendant corporation who had given notice of their withdrawal, are not entitled to share with said general creditors *pari passu.* The relative rights of withdrawing and non-withdrawing shareholders were by the decree expressly reserved for the future action of the Court, so that upon the appeal from that decree now before us and taken by withdrawing shareholders the sole question is, whether in the distribution of the assets of an insolvent building association, the general creditors of the association are entitled to priority over shareholders of the association, who, in accordance with the by-laws of the association gave notice of withdrawal before the judicial declaration of insolvency, though the association was in fact insolvent when notice was given, and we cannot doubt that the learned Judge of the Circuit Court was correct in holding the general creditors entitled to such priority. The by-law of the defendant corporation regulating withdrawal is as follows :   " By giving at least two weeks written notice to the board of directors, any member holding or owning completed shares may withdraw such shares, and the par value thereof shall be repaid to such member *as soon as sufficient funds are in the treasury of the association,* · less fines, &c., if any due and owing by such member, *and his or her share of any loss or expense the association may have incurred, not already provided for from the profits of the association.* "

Obviously, this by-law was framed with reference to the doing of the regular business of the association rather than with reference to the closing up of its affairs, and the exercise of the right of withdrawal thereunder contemplates the association as a going concern.   It was so held as to a similar by-law in *Rabbitt* v. *Wilcoxen,* 103 Iowa, 35, and in *Strohen* v. *Franklin Savings Association,* 115 Pa. St. 273. The principle upon which Courts proceed in winding up the affairs of an insolvent building association is to treat the

changed condition of affairs as equivalent to a rescission and as terminating the contract between it and its members, releasing thereafter all mutual obligations, cancelling all mutual privileges and subordinating all adjustments between shareholders to the equity of the creditors of the association. *Curtis* v. *Granite State Provident Association*, 69 Conn. 6. The giving of the required notice of withdrawal entitled the appellants, as against the association itself, as a going concern, to payment of the withdrawn shares, subject to the terms of the by-law, but not as against the creditors of the association whose insolvency has been judicially established. It is in a qualified sense only that withdrawing stockholders can be regarded as creditors. Their rights, as creditors, can be asserted only against the association, or those other shareholders with whom they are associated in it for the purposes of profit. As against the creditors of the association whose claims are based upon outside transactions, and whose money has been used for the common benefit of those who in fact constitute the association, withdrawing stockholders can assert no rights. This is not denied in those cases which most broadly state the position that a withdrawing stockholder ceases to be a member, and becomes a creditor.

In *Eversman* v. *Schmidt*, 53 Ohio St. 174, it is said : " When the aggregate dues, with the credited earnings, equal in amount the par value of the stock, it is paid up, and the owner of that share ceases to be a stockholder. His relation then becomes simply that of a creditor until he is paid." But it is added : " Of course what is here said is subject to the qualification that no losses have been sustained, for he who participates in the benefits of a business must assist in bearing the burden." And in *U. S. Association* v. *Silverman*, 85 Pa. St. 394, relied on by the appellants, where it was held that a withdrawing stockholder ceases to be a member after due notice of withdrawal, and may upon refusal of payment sue and recover judgment just as any other creditor, without regard to the

provisions of the by-law, the Court was driven, after thus putting him squarely into the category of ordinary general creditors, to suggest that the same Court might, if it seemed equitable, restrain execution in order that the association might have time to get in the money. Ordinary general creditors cannot be thus restrained from reaping the profits of a judgment lawfully and regularly obtained, and even if so restrained, there would remain the lien of the judgment, which would antedate that of any subsequent judgment, obtained by a general creditor. These considerations should suffice to show the fallacy of the reasoning in the *Silverman case*. Indeed, in *Christian's Appeal*, 102 Pa. St. 189, it was admitted that there was manifest error in *Silverman's case* in putting withdrawing stockholders in the position of general creditors. In *Chapman* v. *Young*, 65 Ill. Appeals, 131, a withdrawing stockholder had obtained judgment against the association, but upon the insolvency of the association, the Court held that the general creditors were entitled to priority of payment, and after them, withdrawing and non-withdrawing shareholders *pari passu*, using the following language: "The right of withdrawal, which is a peculiar feature of such associations, is not conferred upon a member for the purpose of enabling him to escape his just proportionate responsibility for losses incurred by an insolvent association, but for the purpose of securing to each member the privilege of withdrawing his proportionate share of the accumulated funds." Obviously, there can be no "accumulated funds" which are not subject to the payment of the debts of the association. In *Davis* v. *Gemmell*, 73 Md. 530, where a stockholder, owning a majority of the stock, sought to appropriate to his own use an asset of the corporation, a judgment, which though recovered in the name of the majority stockholder, was in fact the property of the corporation, this Court said: "A stockholder is not, *as stockholder*, a creditor of the corporation whose stock he owns.   *   *   *   The rights of the stockholder are all subordinate to the rights of the corpor-

ation's creditors.   The stockholders are entitled to none of the company's assets or property, until all just debts due by the corporation are paid.   *   *   *   The stockholder does not stand on equal footing with a creditor, and is not jointly entitled with him to the fund.   *His claim to it begins only after every creditor has been satisfied.*"   This language is equally applicable to withdrawing stockholders in a building association, as to stockholders in such a corporation, as was considered in *Davis* v. *Gemmell,* and it was so treated by this Court in *Steinberger* v. *Savings Association,* 84 Md. 634.   There is nothing in *Southern Building Association* v. *Price,* 88 Md. 155, in conflict with these views. There the withdrawing stockholder sued in Maryland, but the association had been adjudged insolvent by a Tennessee Court whose decree has no extra-territorial force.   There was thus no question in that case between the withdrawing stockholder and the creditors of the association, and the case was the simple exercise of the right of withdrawal, unaffected by the question of insolvency, with which this Court had no concern.   It is unnecessary to prolong this opinion by citation from other American cases, or from the English cases which sustain the views we have expressed. Reference may be had for this purpose to *Heinbokel* v. *Nat. Loan Ass.,* 58 Minn. 340 ; *Knutson* v. *N. W. Assn.,* 67 Minn. 201; *Post* v. *Building Assn.,* 97 Tenn. 408; *Towle* v. *American Assn.,* 75 Fed. Rep. 938 ; *In re Mutual Aid Building Society,* 29 Ch. Div. 189 ; *In re Blackburn Building Society,* 24 Ch. Div. 42 ; *In re Walton* v. *Edge,* L. R. 10 App. 33, in all of which it was held that in all cases, the general or outside creditors of the corporation must first be paid before any stockholder can participate in any distribution of the assets.

> *Decree affirmed with costs above and below.*

(Decided December 9th, 1899).